UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL S. GREVIOUS, III,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                                  /

Case No. 4:06-CV-20
Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).[1]

Plaintiff was born on June 8, 1969 (AR 43).[2] He attended one year of community college (AR 76).[3] Plaintiff alleges that he became disabled on September 18, 2003 (AR 43). He had previous employment ordering supplies and handling a forklift operation in the army, as a supervisor at an auto parts factory, and as a supply sergeant in the Michigan National Guard (AR 82-85, 617). Plaintiff injured his elbow while serving in the military in 1989 (AR 15). Plaintiff identified his disabling condition as back and elbow injuries (AR 70). After administrative denial of plaintiff's

---

[1] The federal court's standard of review for supplemental security income cases "mirrors" the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991).

[2] Citations to the administrative record will be referenced as (AR "page #").

[3] In his brief, plaintiff states that he received an Associate of Arts Degree from Kellogg Community College in 2005.

claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on December 13, 2005 (AR 13-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to

benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

3

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (AR 18).[4] Second, the ALJ found that plaintiff's right elbow condition was a severe impairment (AR 14, 18).[5] At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform light, unskilled work, which the following limitations:

> He is unable to perform overhead with his right arm. He cannot perform repetitive motions, push/pull, grip, or grasp with his right arm. He is unable to work at heights or with moving machinery which require [sic] right arm only assistance.

(AR 19). The ALJ concluded that plaintiff was unable to perform his past relevant work (AR 19). The ALJ also found that plaintiff's allegations regarding his limitations are not totally credible (AR 19).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of light work (AR 19). The ALJ found that there are a significant number of jobs in the national economy that plaintiff can perform, such as parking lot attendant/checker (1,000 jobs); security monitor (2,000 jobs); parts inspector (2,000 jobs); and clerical assistant (2,000 jobs)

---

[4] Plaintiff's alleged onset date of disability does not correspond with a traumatic event or surgery. Rather, the alleged onset date coincides with the date plaintiff was terminated from his employment at the auto parts factory (AR 16).

[5] In his findings, the ALJ erroneously states that plaintiff's back condition is a severe impairment (AR 18). The ALJ's decision is based upon the severe impairment of plaintiff's elbow condition (AR 14-18). The ALJ explicitly found that plaintiff's low back condition was a non-severe impairment (AR 15).

(AR 19). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 19-20).

### III. ANALYSIS

Plaintiff raises three issues on appeal. The first two are:

**A.    The ALJ failed to give adequate weight and consideration to the absence of a release to employment by the physicians of the U.S. Department of Veterans Affairs (VA) medical facilities or the plaintiff indicating that he could resume work.**

**B.    The ALJ failed to give adequate weight and consideration to the disability ratings of the VA.**

First, plaintiff contends that he is entitled to a disability based upon the VA's temporary rating that he was 100% disabled due to his right elbow condition from March 2, 2004 through July 31, 2004. Plaintiff's Brief at 12.

In November 2003, medical records reflected that plaintiff had elbow flexion of up to 130 degrees (AR 63). The VA physicians issued the following work restrictions on November 18, 2003: no repetitive lifting, no repetitive motion, no lifting over five pounds (AR 527). Clinical notes from January 6, 2004 state that plaintiff "likely will be unable to return to high demand lifting/grasping, pulling/repetitive motion with right arm" (AR 149). Plaintiff underwent elbow surgery on March 2, 2004 (AR 62). In a rating decision entered May 5, 2004, the VA assigned plaintiff a temporary evaluation of 100% disability, based on surgical or other treatment necessitating convalescence with respect to his right elbow, which lasted from March 2, 2004 through July 31, 2004 (AR 62). An evaluation of 10% disability was assigned as of August 1, 2004 (AR 62). The VA noted that an evaluation of 10% is granted when elbow flexion is limited to 100

degrees, with a higher evaluation of 20% granted when flexion is limited to 90 degrees (AR 63).[6]

Under the regulations, the ALJ is not bound to accept the disability ratings made by the VA. Specifically, 20 C.F.R. § 404.1504 provides in pertinent part that:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law.  Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

While a VA disability rating is not binding on the ALJ, it is entitled to some weight.  *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) ("[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ"); *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984) (noting that the record contained a Veterans Administration insurance disability award marked "total disability").

Here, the ALJ did not specifically refer to the VA's rating decision.  However, the ALJ acknowledged plaintiff's limitations as identified by the VA:

> The medical evidence of record does not suggest that the claimant has a disabling condition.  While it has been expressed consistently that he cannot perform work that requires high demands of lifting, grasping, pulling, or repetitive motion

---

[6] Plaintiff states that "the ALJ has offered no discussion of the 40% service connected ratings." Plaintiff's Brief at 15.  Plaintiff gives no citation for this disability rating.  The court notes that the VA's May 5, 2004 rating decision mentions a previous evaluation of plaintiff's elbow:

> In your case, the highest your right elbow condition has ever been [sic] an evaluation is at 40 percent.  You have no other significant service connected disability to combine with your elbow condition to make you unemployable.  The maximum evaluation you could receive for an elbow condition would be 60 percent when the evidence shows either than you have no control over flexion or extension (a flail joint) or that your elbow os frozen in place in severe flexion (at 50 degrees or less).

(AR 63).

> with his right arm, it has not been determined that other work is precluded. Toward that end the claimant enrolled in vocational rehabilitation and is pursuing a bachelors degree at Western Michigan University. Even though a health summary from the VAMC stated that the claimant's right elbow condition and subsequent surgery were preventing him from gainful employment at that time, it pointed out that he was undergoing vocational rehabilitation and that he was intelligent and articulate.

(AR 16). The ALJ took these restrictions into account in the RFC determination, which found that plaintiff "is unable to perform overhead with his right arm," and "cannot perform repetitive motions, push/pull, grip, or grasp with his right arm" (AR 19).

Even if the ALJ had adopted the VA disability rating as set forth in the May 5, 2004 decision, plaintiff would not be disabled for purposes of DIB or SSI. The VA concluded that plaintiff had only a temporary post-surgical 100% disability rating for four months, as opposed to a "total and permanent disability." *See Chambliss*, 269 F.3d at 522. Nothing in the VA records or the its decision indicates that plaintiff had a condition of total disability that lasted, or could be expected to last, for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905. On the contrary, the VA apparently set plaintiff's long term disability rating at 10%. Accordingly, the VA records do not support plaintiff's claim that he is disabled for purposes of DIB and SSI.

> **C.    The plaintiff testified as to the multiple surgeries and worsening condition of his right elbow and the chronic pain which resulted in additional surgery to his arm.**

Plaintiff makes the bald assertion that neither the DDS nor the VA performed a comprehensive evaluation of his occupational limitations. Plaintiff's Brief at 13. Counsel has made no effort to develop this claim. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."

7

*McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, the court will not address this claim.

Next, plaintiff contends that the decision warrants reversal because "the ALJ's finding that the [p]laintiff could perform a significant number of jobs in the national economy failed to consider the chronic arm and back pain suffered by the [p]laintiff along with the side effects of pain medication." *Id.*  An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.*  However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228,  231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Here, the ALJ's decision is supported by the vocational evidence.  At the hearing, the ALJ specifically asked the VE, "if I found the claimant's testimony credible and supported by the evidence, would, would such person be able to perform these jobs on a full-time basis?" (AR 630).  The VE responded, "I didn't hear anything that I felt would have eliminated the jobs that I've cited" (AR 630).  Plaintiff's counsel did not challenge the VE's opinion with respect to the work-preclusive nature of plaintiff's alleged pain.  Indeed, as the ALJ pointed out in his decision, medical progress notes from December 2004 state that plaintiff's pain was well-controlled with his

medications (AR 15, 321).

Plaintiff's counsel did challenge the VE with respect to the side effects of pain medication, asking the VE if there would be "any reduction in the available jobs if he's not allowed to be around moving machinery because of the use of narcotic medication?" (AR 631). The VE responded in the negative, stating "[t]here would be no moving machinery in the jobs that I've cited that he would be in proximity of" (AR 631). The VE's testimony indicates that plaintiff's use of narcotic medication did not preclude any of the 7,000 jobs identified by the ALJ. Accordingly, plaintiff's challenges to the vocational evidence are without merit.

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.

Dated:  December 11, 2006                    /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).